UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BEVERLY ANN LAVIGNE | ) | |
| | ) | |
| v. | ) | 1:16-cv-00098-JAW |
| | ) | |
| US TRUSTEE, et al. | ) | |

**ORDER ON MOTION FOR EXTENSION**

On February 17, 2016, Beverly Ann Lavigne filed with this Court an appeal of an order of the Bankruptcy Court. *Notice of Appeal and Statement of Election* (ECF No. 1). On March 17, 2016, the Court issued an Order to Show Cause, noting that Ms. Lavigne had failed to take any steps required by the Federal Bankruptcy Rules to designate a record on appeal and notifying her that she must show cause in writing within fourteen days—or no later than March 31—why the appeal should not be dismissed for lack of prosecution. *Order to Show Cause* (ECF No. 3). On March 18, 2016, Ms. Lavigne moved for extension not to exceed sixty days to respond to the Order to Show Cause. *Mot. for Time Extensions to Prepare Docs.* (ECF No. 4).

The Defendants have all now responded to the motion. In response to inquiries from the Clerk's Office, the United States Trustee indicated it was taking no position regarding Ms. Lavigne's motion for extension of time. On March 25, 2016, Vivian Savage and Gail Ferry objected to the motion for extension. *Defs.' Resp.* (ECF No. 6). They say that Ms. Lavigne has failed to articulate "any plausible rationale as to why she did not designate in a timely manner a record on appeal." *Id.* at 1. They also contend that the appeal and removal "evince lack of any merit to the appeal." *Id.* They urge the Court to dismiss the appeal for lack of prosecution. *Id.*

On March 25, 2016, The Bank of New York Mellon (The Bank) also objected to Ms. Lavigne's motion. *Def.'s Resp.* (ECF No. 7). The Bank says that Ms. Lavigne has failed to "provide any legal or equitable basis" for her motion and that she "has filed numerous petitions with the Bankruptcy Court and has consistently failed to file appropriate documents resulting in dismissal of each filing." *Id.* at 1. The Bank urges the Court to deny Ms. Lavigne's motion. *Id.*

The Court overrules the Defendants' objections and grants the motion in part and denies it in part. Federal Rule of Bankruptcy 8009(a)(1) provides in pertinent part:

> **Rule 8009. Record on Appeal; Sealed Documents**
>
> (a) Designating the record on appeal; statement of the issues.
>
>   (1) *Appellant.*
>
>     (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
>
>     (B) The appellant must file and serve the designation within 14 days after:
>
>       (i)   the appellant's notice of appeal as of right becomes effective under Rule 8002.

FED. R. BANKR. P. 8009(a)(1). Under this Rule, Ms. Lavigne had fourteen days within which to designate the record on appeal and to present a statement of the issues. While her explanation for why she needs an extension is convoluted and not supported by any documentation, to deny the motion is likely to dismiss the appeal, and the law does not favor procedural defaults. At the same time, the Rule only

2

requires Ms. Lavigne to designate a record on appeal and to state the issues that will be presented on appeal. As Ms. Lavigne filed the appeal, she must know the issues she wishes to present and the parts of the record that would be necessary to resolve those issues. The Court is unaware of any history of abuse of the court system by Ms. Lavigne that The Bank of New York Mellon has claimed, and the Court has not taken The Bank's unsupported allegations into account in ruling on this motion.

The Court therefore GRANTS in part and DENIES in part Beverly Ann Lavigne's Motion for Time Extensions to Prepare Documents (ECF No. 4). The Court grants the motion for extension but for only thirty, not sixty, days. Thus, within thirty days from the date of this Order, Ms. Lavigne must comply with the provisions of Federal Rule of Bankruptcy Procedure 8009(a)(1). The Court warns Ms. Lavigne that her failure to comply with the provisions of Rule 8009(a)(1) by the end of the day on Monday, April 25, 2016 may result in the Court's dismissal of her appeal for lack of prosecution.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2016