UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BEVERLY ANN LAVIGNE | ) | |
| | ) | |
| v. | ) | 1:16-cv-00098-JAW |
| | ) | |
| US TRUSTEE, et al. | ) | |

**ORDER ON MOTIONS FOR TEMPORARY RESTRAINING ORDER, TRANSFER, AND SANCTIONS**

After appealing from the Bankruptcy Court's dismissal of her Chapter 11 petition, Ms. Lavigne filed a motion for temporary restraining order, a motion to transfer her appeal to another district court, and a motion for sanctions and to vacate state of Maine court orders. Upon reviewing their merits, the Court denies all motions.

**I.     PROCEDURAL HISTORY**

On February 17, 2016, Beverly Ann Lavigne filed a bankruptcy appeal with this Court. *Notice of Appeal and Statement of Election* (ECF No. 1). When Ms. Lavigne failed to designate a record on appeal, the Court issued an Order to Show Cause on March 17, 2016. *Order to Show Cause* (ECF No. 3). On March 18, 2016, Ms. Lavigne moved to extend the time to respond to the Order to Show Cause. *Mot. for Time Extensions to Prepare Docs.* (ECF No. 4). On March 24, 2016, the Court issued an order that a stay was still in effect on the matter pursuant to 11 U.S.C. § 362(c)(2) of the Bankruptcy Code, *Order on Stay Issue* (ECF No. 5), and on March 25, 2016, the Court issued an order over the objections of the Bank of New York Mellon,

Vivian Savage, and Gail Ferry, granting the motion for extension and giving Ms. Lavigne until April 25, 2016 to comply with Federal Rule of Bankruptcy 8009(a)(1). *Order on Mot. for Extension* (ECF No. 8). On March 29, 2016, Ms. Lavigne filed a letter with this Court setting forth the issues on appeal and designating the record upon which she intends to rely. *Statement of Issues to Designate a Record* (ECF No. 9-1).

Ms. Lavigne filed a motion for temporary restraining order (TRO) on April 19, 2016, against Respondents Gail Ferry and Vivian Savage, in addition to their attorney, Joseph O'Donnell. *Pet. for Ex Parte TRO and for Inj. from Harassment or Interference with Business "Me. Cottage Getaways" Prop.* (ECF No. 10) (*Pet.'s TRO*). On April 22, 2016, Ms. Lavigne filed a reply to the motion to show cause. *Reply Mot. for Mot. to Show Cause* (ECF No. 13). The Court issued a status order on April 25, 2016, establishing that Ms. Lavigne's March 29, 2016 filing facially complied with Rule 8009(a)(1), deeming the Order to Show Cause satisfied.[1] *Status Order* (ECF No. 14). On April 25, 2016, the Respondents filed a response to Ms. Lavigne's motion for TRO. *Joseph M. O'Donnell's Resp. to "Pet. for Ex Parte TRO and for Inj. from Harassment or Interference with Business 'Me. Cottage Getaways'"* (ECF No. 15) (*Resp'ts' Opp'n*). Ms. Lavigne filed a reply to the Respondents' response on May 9,

---

[1] On May 11, 2016, the Clerk for the United States Bankruptcy Court for the District of Maine filed a Certificate of Readiness with the Court certifying that "the annexed documents are copies of the original papers as described in the accompanying Designation(s) of Record and constitute the Record on Appeal in the case entitled and numbered Bankruptcy Case: In re: Beverly A. Lavigne – Case No. 16-20035." *Certificate of Readiness* (ECF No. 20).

2016. *Reply to Mr. O'Donnell, Esq. Resp. to Pet. for Ex parte TRO* (ECF No. 18) (*Pet.'s Reply*).

In addition, Ms. Lavigne filed a motion to transfer the case to the Districts of Columbia or Florida on May 9, 2016, *Mot. to or Notice of Removal* (ECF No. 19) (*Mot. to Transfer*), and on May 16, 2016, she filed a motion for sanctions and to vacate a state court order. *Motion to Sanction All Plaintiffs and to Vacate Order of $94,000 by Judge Nancy Carlson* (ECF No. 21) (*Mot. for Sanctions*).

## II. THE PARTIES' POSITIONS

### A. Motion for Temporary Restraining Order

Ms. Lavigne frames her motion for TRO as an "ENFORCEMENT of STAY that is already in Place from this District Court" and that the respondents are "[d]efaulting on that stay." *Pet.'s TRO* at 1. The relief she seeks is as follows: (1) "[a]n ex parte [TRO] for the time for review of the [a]ppeal" enjoining the Respondents from "Slandering Title or Creating a Document that Slanders or alters the 'Lavigne' name or property, including Maine Cottage Getaways," "Threatening Petitioner or any person(s) residing at Petitioner(s) residence," "Entering Petitioners' business (54 Evergreen Ave), including yard and shed area"; (2) injunctive relief "not to exceed a period of [three] years, enjoining Respondents from slanderous or damaging remarks for personal . . . or business entities owned or managed by Beverly Lavigne [including enjoining] respondent(s) from interference with business or property or any attempt for any sale of property"; (3) "enjoining Respondent(s) and any other person(s) acting on Respondent(s) behalf from committing those acts set forth"; (4) an injunction "that

3

prevents Respondent(s) sale of any property or any recordation of any deeds in any instrument to be recorded in any Maine State Registry of Deeds until funds are provided for Quiet Title or Tile research for Franklin County and York County Deeds prepared by Respondent and injunction for a period of 5 years thereafter"; (5) an injunction "to stop any seizure of property and return any and all subject to final decision of appeals court and full repayment of $30,000 owed with interest to Petitioner until the conclusion of Review"; and (6) "reasonable attorney's fees and costs . . . and such further relief as the Court [d]eems just and appropriate." *Id*. at 1-2.

Ms. Lavigne asserts that Gail Ferry, Viviane Savage and their counsel, Joseph O'Donnell, "have applied methods of thievery . . . to take property and destroy an income producing business while [the stay] was continued by order of" this Court. *Pet.'s TRO* Attach. 1 *Decl. of Pet.*, at 1 (ECF No. 10) (*Pet.'s Decl.*). She argues that the Respondents have violated her "28 U.S.C.[] [§] 1292 First Amendment freedoms," causing "irreparable injury which necessitates immediate redress."[2] *Id*. at 1. Ms. Lavigne also suggests that there are jurisdiction, conflict of interest, and conflict of laws issues, and states that on November 19, 2015,[3] the Hon. Nancy Carlson of the state of Maine District Court held a hearing in Franklin County and issued an order

---

[2]   In making her argument Ms. Lavigne cites "Dayton Are Visual Impaired v Fisher." *Pet.'s Decl.* at 1. The Court believes this to be a citation to the Sixth Circuit decision *of Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474 (6th Cir. 1995). *Fisher* involved an interlocutory appeal from a district court's order in part denying injunctive relief in response to First Amendment and equal protection challenges to Ohio's charitable solicitation statutes.  28 U.S.C. § 1292 governs a court of appeals' jurisdiction over interlocutory appeals.
[3]   Ms. Lavigne's declaration stated "[o]n November 19, 2016." The Court suspects that this was intended to read November 19, 2015.

4

that Ms. Lavigne believes the Respondents are using to take actions against her property. *Id.* at 1. These actions include Mr. O'Donnell notifying tenants of Maine Cottage Getaways, as well as neighbors of the property, that Mr. Lavigne no longer owns the property and that they should notify Mr. O'Donnell if Mr. Lavigne "approached the property." *Id.* at 2. Ms. Lavigne also alleges that the Respondents "changed the locks and gave the local policeman a key," instructed tenant Marlisa Clapp not to pay the rent to her and instead to Gail Ferry, that on January 15, 2016 Gail Ferry registered herself with the Secretary of State's Office as the "Registered Agent of Maine Cottage Getaways" in violation of state of Maine law, and that Ms. Ferry now "tells everyone" she is the owner of Maine Cottage Getaways, LLC, which is a significant asset subject to the bankruptcy appeal in this Court. *Id.* at 2.

Additionally, Ms. Lavigne alleges that there were "attempts to record an unrecordable transfer tax" regarding her property, as on February 29, 2016 Gail Ferry delivered a quitclaim deed to the York County registry of deeds as "Gail Ferry agent of . . . Maine Cottage Getaways." *Id.*; *Pet's TRO* Attach. 3 *Quitclaim Deed* (ECF No. 10). Also, Ms. Lavigne argues she owes less than $94,000, and cites a promissory note from September 5, 2003, where Ms. Lavigne, in her capacity as Trustee of the Roger J. Lavigne Trust, promised to repay to herself, in her individual capacity, $30,000 with 8 percent interest. *Pet's TRO* Attach. 5 *Promissory Note* (ECF No. 10). Further, Ms. Lavigne disputes the payoff amount and estimated value of the 54 Evergreen Ave. property, and asserts "Truth and Lending" violations. *Id.*

5

### B. Respondents' Response to Motion for TRO

The Respondents, "without waiving any defenses for insufficiency of service of process, jurisdiction, venue, and related defenses," ask the Court to deny Ms. Lavigne's motion for TRO on a number of grounds. *Resp'ts' Opp'n* at 1. First, Mr. O'Donnell asserts that, as counsel for Vivian Savage and Gail Ferry, he is not a proper party to this matter, as no argument has been made as to why he should be joined as a party, there has been no service of process on him, and he has not waived any requirement that process be served. *Id.* (citing FED. R. CIV. P. 12(b)(5) & 20). The Respondents also assert Ms. Lavigne has failed to state a claim upon which relief can be granted, raising Federal Rule of Civil Procedure 12(b)(6) and arguing that she has cited to "no rule or law as to why relief should be granted," nor has she specified exactly what relief she seeks or why it is being asked. *Id.* at 2.

Moreover, the Respondents contend that Ms. Lavigne's motion for injunctive relief "does not make a claim that contains the cognizable elements of a preliminary injunction." *Id.* Citing *Diaz-Carrasquillo v. Garcia-Padilla*, 750 F.3d 7, 10 (1st Cir. 2014), they offer the standard when considering a request for a temporary restraining order and preliminary injunction, in that the movant must prove by reasonable certainty: (1) the "likelihood of success on the merits," (2) "irreparable harm if the request is rejected," (3) that the hardship to the movant outweighs any hardship to the parties against whom the order is sought," and (4) "any effect that the injunction would have on the public interest." *Id.*

The Respondents contend that Ms. Lavigne has made no showing of a likelihood of success on the merits of her claim, as "it is not entirely clear to counsel what her claim is, and what relief is being sought against the named parties," and likewise "has made no showing of irreparable harm that would result from a lack of such an order." *Id.* at 3. Regarding her claim that on November 19, 2016, when the Maine District Court considered Gail Ferry's turn-over request, the Respondents argue that there was no automatic stay in effect, and that Ms. Lavigne's Chapter 11 case was not filed until January 28, 2016. *Id.* Further, they assert that the continuance of the stay per 11 U.S.C. § 362(c)(3) is limited because her case before the Bankruptcy Court was dismissed on November 24, 2015, and even though she filed the instant Chapter 11 petition within a year of the dismissal, she did not seek to extend the stay in this Court on a showing of good cause and the stay expires within 30 days. *Id.* Moreover, the Respondents contend it is unclear if there would be any hardship at all if the order was not granted, and any hardship to Ms. Lavigne would not outweigh the hardship of the parties named in this motion, "especially where it is unclear for what relief is being asked." *Id.* Finally, the Respondents claim a grant of injunction "would be contrary to the public interest as it would invite vague pleadings with the promise of relief, and subject the courts and the public to additional burden and expense." *Id.*

### C. Ms. Lavigne's Reply

In her reply Ms. Lavigne raises a number of grievances regarding the proceedings before the Bankruptcy Court and the opposing parties' actions in this

7

matter, demanding reports and transcripts from unspecified court proceedings while asserting improper jurisdiction. *Pet.'s Reply* at 1-2. She claims that Mr. O'Donnell is a party "because of his intent to exercise control over the assets (away from the bankruptcy court) and created fraud upon the court that he brought forward," alleging that his filings in state court should have been with the Bankruptcy Court. *Id.* at 2-3, 5.

Addressing the Respondent's arguments against Mr. Lavigne's motion for TRO, she argues she will have success on the merits "because the evidence or lack thereof will show fraudulent charges created by sham petitioning," and lists the harms to herself, her property, and her business that will continue without a restraining order on the Respondents for their violations of the stay. *Id.* at 3-5. Further, Ms. Lavigne seeks recovery of damages for violations of 11 USC § 362 and also asks the Court to remove the proceeding to Florida as "this State has had over 20 years to resolve this trust matter and has failed." *Id.* at 6-7.

### D.    Motion for Transfer

Ms. Lavigne raised the issue of transfer in her April 22, 2016 response to the Order to Show Cause. *Reply to Mot. to Show Cause*, at 3 (ECF No. 13). Specifically, Ms. Lavigne points out that a trust instrument at issue was drafted to be "construed and regulated in all respects by the laws of the State of Florida" and "the best place to review and make a determination is the Florida courts." *Id.* In her second response to the Order to Show Cause, Ms. Lavigne asks the Court to remove the case to the "United States District Court of Columbia, Bankruptcy Div . . . or to court of original

jurisdiction in United States District Court for Florida. . . ." *Additional Evid. to Reply to Mot. to Show Cause* (ECF No. 16). In her actual motion for transfer she repeats this request, asking that her appeal be transferred to either the D.C. District Court or the District of Florida. *Mot. to Transfer* at 1.

### E.     Motion for Sanctions

Most recently, on May 16, 2016, Ms. Lavigne filed a motion to sanction the Respondents and to vacate a state court order issued by Judge Nancy Carlson. *Mot. for Sanctions* at 1. Ms. Lavigne points to a certificate of excuse filed with the Maine Secretary of State on April 12, 2016 by Gail Ferry that says Maine Cottage Getaway, LLC has ceased to transact business. *Mot. for Sanctions* Attach. 1 *Certificate of Excuse* (ECF No. 21). Ms. Lavigne asserts that Ms. Ferry does not have authority to submit such a document, and the actions taken by the Respondents "show total disregard for the Judge and The Rule of Law" as they violate the stay issued by the Court. *Mot for Sanctions* at 1. She again contends that Ms. Ferry has falsified records by filing new deeds and registering herself as agent of the LLC with the Secretary of State while the stay was in effect, and asserts this "malicious behavior" has caused her irreparable damage. *Id.* at 2. Ms. Lavigne asks the Court to sanction the Respondents to preserve the integrity of the courts and remedy acts of "unclean hands," violations of unfair practices, and threats of violence. *Id.* at 3. Further, Ms. Lavigne argues that an order issued by Judge Nancy Carlson in Franklin County Superior Court awarding the Respondents $94,000 was based on the wrong

9

jurisdiction because the case was in Bankruptcy Court and should be vacated. *Id.* at 4.

## III. DISCUSSION

### A. Attorney O'Donnell

Ms. Lavigne named Attorney O'Donnell as a party in her motion for TRO. *TRO Pet.* at 1. Mr. O'Donnell was not a named party in Ms. Lavigne's notice of appeal. *Notice of Appeal and Statement of Election* at 1. As counsel for Mses. Savage and Ferry, Mr. O'Donnell argues he is not a proper party in this matter. Ms. Lavigne argues that Mr. O'Donnell should be a party "because of his intent to exercise control over the assets (away from the bankruptcy court) and created fraud upon the court that he brought forward," alleging that his filings in state court should have been with the Bankruptcy Court. *Pet.'s Reply* at 2-3, 5.

The Court has discretion to deny joinder "if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." 7 CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FEDERAL PRACTICE AND PROCEDURE § 652 (3d ed. 2016); *see also Landmark Dev. Grp. v. JEG Holdings, Inc.*, 185 F.R.D. 126, 128 (D. Conn. 1999) (Defendant was not entitled to join plaintiff's attorney and plaintiff's employees as additional defendants on its counterclaims since defendant did not file a proper motion for joinder of the additional parties until more than three months after it informed the court of its intent to add the attorney as a defendant, the addition of the parties to the case could result in even more delay due to additional discovery needs and because each individual

10

defendant would need adequate time to prepare a defense, and plaintiff would be prejudiced because the attorney would be disqualified from representing it during the trial).

Ms. Lavigne has filed three bankruptcy petitions since December, 2014, and only now names Mr. O'Donnell as a party. Joining Mr. O'Donnell will only cause more delay, and Mses. Savage and Ferry would be prejudiced as Mr. O'Donnell would be disqualified from representing them in the proceeding as a named party. The Court denies joinder of Mr. O'Donnell in this matter.

### B. Temporary Restraining Order

In determining whether to issue a TRO or preliminary injunction, the Court examines the same four factors. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, Local Lodge No. 1821 v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 277-78 (D. Me. 2015); *Aftermarket Auto Parts Alliance, Inc. v. Bumper2Bumper, Inc.*, No. 1:12–cv–00258–NT, 2012 WL 4753407, at *1, 2012 U.S. Dist. LEXIS 143685, at *3 (D. Me. Oct. 4, 2012). The key differences between a TRO and a preliminary injunction are that (1) a TRO may be issued without notice to the adverse party; and (2) if a TRO is issued without notice, it may only last for 14 days and the Court must hold a preliminary injunction hearing. *Id.* at 278 (citing FED. R. CIV. P. 65(a)-(b)). At the same time, "[a] preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Id.* (quoting *Peoples Fed. Savings Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (A preliminary injunction "is an extraordinary and drastic

remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion'") (emphasis in original).

To succeed on her motion, Ms. Lavigne must establish four factors: "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements*, 794 F.3d 168, 171 (1st Cir. 2015) (citing *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). "[T]rial courts have wide discretion in making judgments regarding the appropriateness of" preliminary injunctive relief. *Verso Paper Corp.*, 80 F. Supp. 3d at 278 (quoting *Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir.2009)).

### 1. Likelihood of Success on the Merits

The "four factors are not entitled to equal weight in the decisional calculus; rather, '[l]ikelihood of success is the main bearing wall of the four-factor framework.'" *Id.* (quoting *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9-10 (1st Cir. 2013)); *see also New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity"). To meet her burden on this factor, Ms. Lavigne "must establish a 'strong likelihood' that [she] will ultimately prevail." *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir.2012) (quoting *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010)).

"Review of the Bankruptcy Court order on appeal before [the District Court] is governed by Rule 8013 of the Federal Rules of Bankruptcy, which provides a District Court 'may affirm, modify or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" *Beacon Investments LLC v. MainePCS, LLC*, 468 B.R. 1, 14 (D. Me. 2012) (quoting *In re Wolverine, Proctor & Schwartz, LLC*, 436 B.R. 253, 260 (D. Mass. 2010)). "[W]hen a party chooses to appeal a bankruptcy court decision to the district court pursuant to 28 U.S.C. § 158(a), the district court reviews the bankruptcy court's conclusions of law *de novo*." *Id.* (quoting *Braemer v. Lowey*, No. 08-cv-349-P-S, 2009 U.S. Dist. LEXIS 14426, at *1-2 (D. Me. Feb. 24, 2009)). "In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside 'unless clearly erroneous.'" *Id.* (quoting *Braemer*, 2009 U.S. Dist. LEXIS 14426, at *1-2 (quoting FED. R. BANKR. P. 8013)).

The Court is obligated to "construe liberally a pro se complaint" and attempt to "intuit the correct cause of action, even if it is imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Nevertheless, even when liberally construing Ms. Lavigne's motion, the Court determines that she has failed to demonstrate that she is likely to succeed on the merits of her appeal. The Bankruptcy Court dismissed Ms. Lavigne's Chapter 11 petition for failure to comply with an order of the court. *In re: Beverly A. Lavigne*, 16-20045 (D. Me. Bankr. Feb. 5, 2016) (order dismissing Chapter 11 case). Specifically, Judge Cary determined that Ms. Lavigne failed to file the following documents when she petitioned for Chapter 11 bankruptcy:

Creditor Matrix, Verification of Creditor Matrix, List of Unsecured Creditors, Certificate of Credit Counseling and Debt Repayment Plan, Chapter 11 Statement of Current Monthly Income, Schedule of Assets and Liabilities, and a Signed Statement of Financial Affairs. *In re: Beverly A. Lavigne*, 16-20045 (D. Me. Bankr. Jan. 28, 2016) (order to comply with Bankruptcy Rules 1007 and Notice of Intent to Dismiss Case). In short, she was ordered to comply with Bankruptcy Rule 1007 for failure to file certain documents, she failed to remedy the deficiencies, and the court dismissed her petition pursuant to 11 U.S.C. § 1112. Reviewing *de novo*, the Court finds no cause to disturb the Bankruptcy Court's decision to dismiss her case.

Moreover, though the Court determined that the automatic stay was in effect during the appeal pursuant to 11 U.S.C. § 362(c)(2), *Order on Stay Issue* (ECF No. 5); *see also* 11 NORTON BANKR. L. & PRAC. FED. R. BANKR. P. 8007 (3d ed. 2016) (grant of stay of bankruptcy judgments and orders pursuant to Bankruptcy Rule 8007 are in general discretionary with the court), the record provided by Ms. Lavigne is insufficient for the Court to determine what assets and liabilities are at issue. Indeed, her Chapter 11 petition was dismissed for failure to submit, inter alia, a creditor matrix, a list of unsecured creditors, and a schedule of assets and liabilities. She has not remedied these deficiencies, instead asserting that the Respondents have taken her property and destroyed her business while providing the Court with only oblique references to or incomplete records of "the 54 Evergreen Avenue property," "Maine Cottage Getaways," "the Florida Trust," a debt of $94,000, and a number of

state of Maine court proceedings and orders.[4] The insufficiency of the record prohibits the Court from providing the relief Ms. Lavigne is seeking.

Finally, the Court notes that Ms. Lavigne has now petitioned for bankruptcy three times since 2014, and each petition was dismissed for failure to file certain required documents. *In re: Beverly A. Lavigne*, 14-20953 (D. Me. Bankr. Dec. 17, 2014) (order dismissing Chapter 13 case), *In re: Beverly A. Lavigne,* 15-20491 (D. Me. Bankr. Nov. 25, 2015) (order dismissing Chapter 7 case), *In re: Beverly A. Lavigne*, 16-20045 (D. Me. Bankr. Feb. 5, 2016) (order dismissing Chapter 11 case).

## 2. Conclusion

Ms. Lavigne has failed to show any reason why this Court should not affirm Judge Cary's decision to dismiss her case, and as such, has failed to show a strong likelihood of success on the merits of her appeal. Because the Court concludes that Ms. Lavigne has not satisfied the first necessary element for a TRO, it need not analyze the final three elements. "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc.*, 287 F.3d at 9.

---

[4] Throughout her filings Ms. Lavigne references state of Maine court proceedings and orders. *See, e.g., Pet.'s Decl.* at *1*; *Reply to Mot. to Show Cause* at 4. It also appears to the Court – though the record is insufficient for it to make any definitive determination, as Ms. Lavigne has provided no record of these state court decisions – that the state court orders that Ms. Lavigne asserts the Respondents are acting under were issued while a stay was not in effect. *See In re Lomagno*, 429 F.3d 16, 17 (1st Cir. 2005) (stay was terminated when case was originally dismissed; later reopening of case did not operate to retroactively reinstate the stay and the foreclosure actions taken in between time of dismissal and reinstatement of the bankruptcy case were not in violation of the stay).

### C. Motion for Transfer

Pursuant to 28 U.S.C. § 158(c), when appealing the Bankruptcy Court's decision, Ms. Lavigne elected to have her appeal heard by this Court instead of by a Bankruptcy Appellate Panel. *Notice of Appeal and Statement of Election* at 2. A district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a). Ms. Lavigne seeks to transfer her appeal from this Court to the United States District Court, District of Columbia or District of Florida. However, "[a]n appeal under [28 U.S.C. § 158] shall be taken *only* to the district court for the judicial district in which the bankruptcy judge is serving." *Id.* (emphasis added). This Court is the only district court permitted to hear Ms. Lavigne's appeal and her request for transfer is denied.

### D. Order for Sanctions

Lastly, the Court denies Ms. Lavigne's motion for sanctions and to vacate a state court order issued by Judge Nancy Carlson. As discussed, Ms. Lavigne's pleadings assert that Mr. O'Donnell and the Respondents have taken her property and her business, but she has provided the Court with only oblique references to and incomplete records of the assets and liabilities at issue. Again, the insufficiency of the record prohibits the Court from providing the relief Ms. Lavigne is seeking.

Moreover, Ms. Lavigne has alleged no willful activity by Mr. O'Donnell or the Respondents that intended to injure her or impede the litigation process.[5]

---

[5] "In fashioning a sanctions order, the Advisory Committee notes suggest the following considerations: (1) whether the improper conduct was willful or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation;

16

"[S]anctions are an integral part of the judicial armamentarium, but a judge should resort to them only when reasonably necessary—and then with due circumspection." *United States v. Figueroa-Arenas*, 292 F.3d 276, 279 (1st Cir. 2002).

Finally, this Court has neither the cause nor the authority to vacate any state court proceeding discussed by Ms. Lavigne. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

## IV. CONCLUSION

The Court DENIES Petitioner's Motion for TRO (ECF No. 10), Motion to Transfer (ECF No. 19), and Motion for Sanctions and to Vacate a State Court Order (ECF No. 21).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2016

---

(5) whether it was intended to injure; (6) what effect it had on the litigation process in either time or expense; (7) whether the responsible person is trained in law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants." *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 272 (N.D. N.Y. 2008), citing *Vacco v. Operation Rescue Nat.*, 80 F.3d 64 (2d Cir. 1996), citing FED. R. CIV. P. 11(c) advisory committee's note to 1993 amendment.

17