UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BEVERLY ANN LAVIGNE | ) | |
| | ) | |
| v. | ) | Civil No. 1:16-cv-00098-JAW |
| | ) | Bankruptcy No. 16-20035 |
| US TRUSTEE, et al. | ) | |

**ORDER DISMISSING BANKRUPTCY APPEAL**

Concluding that the bankruptcy court acted within its discretion when it dismissed a debtor's Chapter 11 filing for failure to file required documents and finding her other claims of error non-meritorious, the Court denies a debtor's appeal of the dismissal.

**I.    PROCEDURAL HISTORY**

On January 28, 2016, Beverly Ann Lavigne filed a pro se petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Maine. *Voluntary Petition for Individuals Filing for Bankruptcy* (Bankr. No. 1). This was her third bankruptcy case in thirteen months. *See In re Beverly A. Lavigne*, Bankr. D. Me. Case No. 14-20953; *In re Beverly A. Lavigne*, Bankr. D. Me. Case No. 15-20491. Ms. Lavigne did not file any of the documents required by statute and the Rules of Bankruptcy Procedure. On January 28, 2016, the Bankruptcy Judge ordered Ms. Lavigne to file certain documents by February 4, 2016 and February 11, 2016, warning her that if she did not file the other documents or a motion to extend the deadline, her case would be dismissed. *Order to Comply with Bankr. Rs. 1007 and Notice of Intent to Dismiss Case* (Bankr. No. 8). On February 5, 2016, after Ms.

Lavigne failed to file the documents by the February 4 deadline, the Bankruptcy Judge dismissed her case. *Order Dismissing Chapter 11 Case* (Bankr. No. 13).

On February 17, 2016, Beverly Ann Lavigne filed with this Court an appeal of the Bankruptcy Court order. *Notice of Appeal and Statement of Election* (ECF No. 1). Having been pending for over two years, this case is now one of the oldest cases on this Court's docket. As the Court described in its March 5, 2018 order, the primary reason for the unusual delay has been Ms. Lavigne's repetitive filing of interlocutory appeals to the Court of Appeals for the First Circuit. *Second Bankr. Appeal Procedural Order* at 1-3 (ECF No. 57). Bankruptcy Rule 8018 required Ms. Lavigne to file a brief and an appendix within thirty days after the docketing of notice that the record had been transmitted or is available electronically. The docket reflects that the record was available to Ms. Lavigne on February 17, 2016, the day Ms. Lavigne filed her appeal in this Court, *Bankr. Appeal* (ECF No. 1) ("the record on appeal is available at ecf.meb.uscourts.gov"), and the Bankruptcy Court issued its Certificate of Readiness on May 11, 2016. *Bankr. Certificate of Readiness* (ECF No. 20).

In its March 5, 2018 procedural order, the Court ordered Ms. Lavigne to file her appellate brief and appendix no later than April 26, 2018. *Second Bankr. Appeal Procedural Order* at 2. On March 30, 2018, Ms. Lavigne moved to extend the time within which to file her appellate brief and appendix. *Mot. to Extend Time to File Appellant Br.* (ECF No. 58). On April 3, 2018, the Court granted her motion to extend "with extreme reluctance" to May 28, 2018. *Order Granting Mot. to Extend Time*

(ECF No. 59). On May 29, 2018, Ms. Lavigne filed what she called a pre-brief. *Pre-Br. of Beverly Lavigne* (ECF No. 60). On June 29, 2018, she filed a motion to amend her pre-brief. *Amendment to Amend Errors and Correct Pre-Br. and Form Attached to Req. for Hr'g and Disc.* (ECF No. 63). Following that motion, the Court issued a scheduling order in which it ordered the Appellees to file their briefs by July 17, 2018, and Ms. Lavigne to file her reply by July 24, 2018. *Scheduling Order on Pending Mots.* (ECF No. 64). The Court also ordered the Appellees to file their responses to the motion to amend by July 17, 2018 and Ms. Lavigne to file her reply by July 24, 2018. *Id.* On July 17, 2018, Vivian Savage, party-in-interest, filed her memorandum in opposition to Ms. Lavigne's pending motions. *Mem. in Opp'n* (ECF No. 67). Also on July 17, 2018, the United States Trustee filed his amicus brief. *Br. of William K. Harrington* (ECF No. 68). On July 24, 2018, Ms. Lavigne filed her reply brief. *Reply Br.* (ECF No. 72).

## II. DISCUSSION

A Bankruptcy Judge's decision to dismiss a case is reviewed for an abuse of discretion. *See In re Gonic Realty Tr.*, 909 F.2d 624, 626 (1st Cir. 1990). Under the abuse of discretion standard "such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Schubert v. Nissan Motor Corp. in U.S.A*, 148 F.3d 25, 30 (1st Cir. 1998) (quoting *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954), *disapproved of on other grounds by In re Union Leader Corp.*, 292 F.2d 381 (1st Cir. 1961). The Court must "keep in mind that under abuse of discretion review, [it] [is] 'not to substitute [its]

3

judgment for that of the [bankruptcy court]." *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

A debtor is automatically required to file certain documents within fourteen days of filing a petition, including a list of their twenty largest creditors, schedules of their assets and liabilities, and in this district, a formatted matrix listing creditors and their telephone numbers. 11 U.S.C. § 521(a)(1); FED. R. BANKR. P. 1007(b), (d); D. ME. L. BANKR. R. 1007-2. "Pursuant to § 1112(b)(4)(F), an 'unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [chapter 11]' is cause for conversion or dismissal of a chapter 11 case." *Andover Covered Bridge, LLC*, 553 B.R. 162, 172 (B.A.P. 1st Cir. 2016) (modifications in original). "Numerous courts have held that § 1112(b)(1) also permits a bankruptcy court to dismiss a chapter 11 case, sua sponte, for cause." *In re Colon Martinez*, 472 B.R. 137, 144 (B.A.P. 1st Cir. 2012).

Section 1112 requires "notice and a hearing," but in the bankruptcy context that phrase is defined flexibly to mean such notice and such opportunity for a hearing "as is appropriate in the particular circumstances." 11 U.S.C. § 102.

> A dismissal without notice and an opportunity to be heard would not be appropriate where substantive issues are to be determined, but if a case involves only very narrow procedural aspects, a court can dismiss a . . . case without further notice and a hearing if the debtor was provided with notice of the requirements to be met. Thus, a procedure is perfectly appropriate that notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline.

*In re Tennant*, 318 B.R. 860, 870-71 (B.A.P. 9th Cir. 2004) (internal quotations and citations omitted).

4

Ms. Lavigne failed to comply with the rules and statutory filing requirements and then failed to rectify her error when ordered to do so with notice that it would result in dismissal. Ms. Lavigne also had ample notice because her prior bankruptcy cases in the preceding year were dismissed for the very same reason. In those circumstances, the Bankruptcy Judge did not abuse his discretion in dismissing her case.

The Court declines Ms. Lavigne's request (1) for a hearing, (2) for oral argument before this Court or a Grand Jury, (3) for discovery, and (4) for a stay while those first three requests are pending, because the issues she raises are far beyond the scope of this Court's review on appeal from the decision of the Bankruptcy Judge, which presents narrow issues that do not justify discovery, oral argument, or a hearing. *See Pre-Br. of Beverly Lavigne* at 3, 4 (ECF No. 60); *Mot. for Stay Awaiting Discovery, Mot. for Show Cause Hearing for Proof of Claim* (ECF No. 62); *Amendment to Amend Errors and Correct Pre-Brief and Form Attached to Req. for Hr'g on Disc.* (ECF No. 63). As regards her request for a stay while the Court ruled on her first three requests, now that the Court has issued its ruling, the Court dismisses her request for a stay as moot

The Court likewise denies Ms. Lavigne's motion for contempt for violating the automatic stay, because the parties in interest explained that the dates on Ms. Lavigne's exhibits demonstrate that the automatic stay was not in effect during one of the transfers, and the other transfer was not subject to the stay because it involved property of an LLC, not the debtor. *See Pre-Br. of Beverly Lavigne* at 3 (ECF No. 60);

*Mot. for Contempt of Court* (ECF No. 62). Ms. Lavigne did not adequately respond to their explanation. She often refers to "false claims" and "sham pleadings" by the interested parties, but she did not coherently explain those arguments, and many of her allegations appear to be well beyond the scope of this Court's review on appeal.

Finally, the Court grants Ms. Lavigne's motion to amend her Pre-Brief, but the additional arguments she provided in her amendments and attachment do not alter any of the Court's conclusions. *See Amendment to Amend Errors and Correct Pre-Brief and Form Attached to Req. for Hr'g on Disc.* (ECF No. 63).

## III. CONCLUSION

The Court GRANTS Beverly Ann Lavigne's Motion to Amend her Pre-Brief and DENIES her Motion for a Hearing on Discovery (ECF No. 63). The Court DENIES Ms. Lavigne's Motion for Contempt of Court, Motion for Show Cause Hearing for Proof of Claim, and Motion to Stay Awaiting Discovery (ECF No. 62). The Court DENIES Ms. Lavigne's Bankruptcy Appeal (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2018